UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:18-cv-511-RGJ
*ELECTRONICALLY FILED*

TIFFANY WARMOUTH, ADMINISTRATRIX
OF THE ESTATE OF LUTHER CORNELIUS CREECH      PLAINTIFF

V.

AARON SMITH

Serve: Kentucky State Reformatory
       3001 W. Hwy 146
       LaGrange, Kentucky 40032

JAMES COYNE

Serve: Kentucky State Reformatory
       3001 W. Hwy 146
       LaGrange, Kentucky 40032

JEREMY RODRIQUEZ

Serve: Kentucky State Reformatory
       3001 W. Hwy 146
       LaGrange, Kentucky 40032

SYLVESTER ROBINSON

Serve: Kentucky State Reformatory
       3001 W. Hwy 146
       LaGrange, Kentucky 40032

UNKNOWN DEFENDANTS      DEFENDANTS

---

**COMPLAINT**

---

       Comes the Plaintiff, Tiffany Warmouth, in her capacity as Administratrix of the Estate of Luther Cornelius Creech and for her cause of action herein, states as follows, to-wit:

1

## PARTIES AND JURISDICTION

1. Luther Creech was a resident of the Commonwealth of Kentucky and a citizen of the United States of America at the time of his death. He was incarcerated in the Kentucky State Reformatory, LaGrange, Oldham County, Kentucky on August 5, 2017.

2. Tiffany Warmouth is a resident of the Commonwealth of Kentucky and a citizen of the United States of America. She was appointed as the Administratrix of the Estate of Luther Cornelius Creech. (Exhibit A).

3. At all relevant times, Defendant Aaron Smith was the Warden at KSR. In that capacity, he was responsible for the safety of Luther Creech and for the supervision of his staff. He is sued in his individual capacity.

4. At all relevant times, Defendant James Coyne was a Deputy Warden at KSR. In that capacity, he was responsible for the safety of Luther Creech and for the supervision of staff members. He is sued in his individual capacity.

5. At all relevant times, Defendant Jeremy Rodriquez was a Sargent at KSR. In that capacity, he was responsible for the safety of Luther Creech. He is sued in his individual capacity.

6. At all relevant times, Defendant Sylvester Robinson was a correctional officer at KSR. In that capacity, he was responsible for the safety of Luther Creech. He is sued in his individual capacity.

7. John Doe is believed to be one or more persons responsible for the mental health treatment and safety of Luther Creech. They are sued in their individual capacity.

8. The Court has subject matter jurisdiction over this action and venue is proper. Plaintiff's claims involve an amount which exceeds the jurisdictional limit of this Court and a substantial amount of the conduct giving rise to this matter occurred in this judicial District.

**FACTS**

9. On or about March 22, 2010, the decedent, Luther Cornelius Creech, entered a "guilty, but mentally ill" plea to the charge of murder and was sentenced to a twenty-four (24) term of imprisonment.

10. Luther Creech was serving this sentence as an inmate at Kentucky State Reformatory ("KSR") on August 05, 2017.

11. Luther Creech had an extensive documented history of mental illness which was known to the Defendants.

12. Despite this knowledge, the Defendants failed to provide necessary and reasonable mental health treatment to Luther Creech.

13. On August 04, 2017, Luther Creech was detained in administrative segregation pending a "psychological evaluation" and "stabilization" because he allegedly assaulted staff members. (Exhibit B).

14. During the stabilization process it is believed that the Defendants or others acting under their supervision used excessive force causing the death of Luther Creech sometime on August 05, 2017.

15. His body was transported to Baptist Health in LaGrange, Kentucky where he was pronounced dead. The cause of death was listed as cardiac arrest.

3

16. On September 27, 2017, Kentucky Protection & Advocacy ("KPA") sent a letter to Defendant Aaron Smith requesting documents pertaining to the death of Luther Creech. The letter indicated that probable cause existed which caused KPA to believe that Luther Creech may have been subjected to abuse or neglect. (Exhibit C).

## COUNT I
## VIOLATION OF AMERCIANS WITH DISABILITIES ACT
## 42 U.S.C. §12101, et seq.

17. That the Plaintiff restates each and every allegation previously set forth as if fully set forth herein.

18. That the actions of the Defendants deprived Luther Creech of necessary and reasonable mental health services in violation of the Americans with Disabilities Act ("ADA"), as codified at 42 U.S.C. §12101, et seq.

19. That Luther Creech is a qualified individual with a disability, because of his mental impairment which substantially limits one or more major life functions.

20. The ADA prohibits public discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any person who owns, leases or operates a place of public accommodation.

21. At all times relevant, Kentucky State Reformatory was a "place of public accommodation" with the meaning of the ADA.

22. By failing to provide Luther Creech with proper mental health treatment, the Defendants deprived him of standard rehabilitative services in violation of the ADA.

23. Through said conduct the Defendants have discriminated against Plaintiff on the basis of his disability, by denying him full and equal enjoyment of the services, facilities, employment and accommodations otherwise available to members of the general public. Plaintiff was isolated, segregated, physically abused and forced to endure harsher conditions of incarceration all of which ultimately led to his death. None of these would have occurred had he been properly treated for his mental health issues.

24. As a direct and proximate result of Defendants' violations of the ADA, Luther Creech suffered harm in the form of denied medical treatment, death, physical pain, shame, humiliation, enhanced punishment, isolation, emotional trauma entitling him to damages in an amount to be determined at trial.

25. Pursuant to 42 U.S.C. §12205, Luther Creech is entitled to his reasonable costs and attorneys' fees.

## COUNT II
## VIOLATION OF EIGHTH AMENDMENT
## 42 U.S.C. §1983

26. That the Plaintiff restates each and every allegation previously set forth as if fully set forth herein.

27. Defendants were deliberately indifferent in that they knew of a substantial risk of serious harm to Luther Creech, specifically that they failed to provide adequate mental health services causing him harm in the form of denied medical treatment, permanent physical injury, death, physical pain, mental anguish, humiliation, shame, enhanced punishment, isolation and emotional stress entitling him to damages in an amount to be determined at trial.

28. The Defendants used excessive and unnecessary force in restraining Luther Creech causing him harm in the form of denied medical treatment, permanent physical injury, death, physical pain, mental anguish, humiliation, shame, enhanced punishment, isolation and emotional stress entitling him to damages in an amount to be determined at trial.

29. The Plaintiff is entitled to compensatory damages, expenses, court costs, punitive damages and attorney fees pursuant to 42 U.S.C. §1983.

## COUNT III
## VIOLATION OF FOURTEENTH AMENDMENT
## 42 U.S.C. §1983

30. That the Plaintiff restates each and every allegation previously set forth as if fully set forth herein.

31. Defendants' actions toward Luther Creech denied him the guaranteed rights and protections of Due Process as required by the Fourteenth Amendment of the United States Constitution.

32. As a direct and proximate cause of Defendants' violations of the Fourteenth Amendment, Luther Creech has suffered harm in the form of denied medical treatment, permanent physical injury, death, physical pain, mental anguish, humiliation, shame, enhanced punishment, isolation and emotional stress entitling him to damages in an amount to be determined at trial.

33. The Plaintiff is entitled to compensatory damages, expenses, court costs, punitive damages and attorney fees pursuant to 42 U.S.C. §1983.

## COUNT IV
## NEGLIGENCE

34. That the Plaintiff restates each and every allegation previously set forth as if fully set forth herein.

35. It was the Defendants' duty to exercise ordinary care for the safety of Luther Creech to avoid foreseeable injuries.

36. Defendants knew or should have known that Luther Creech was at risk of injury.

37. Defendants' breached their duty of care to Luther Creech and said breach was a substantial factor in causing his death and injuries.

38. As a direct and proximate cause of Defendants' negligence, Luther Creech has suffered harm in the form of denied medical treatment, permanent physical injury, death, physical pain, mental anguish, humiliation, shame, enhanced punishment, isolation and emotional stress entitling him to damages in an amount to be determined at trial.

39. Because the Defendants' conduct was willful, wanton, malicious, or reckless, the Plaintiff is entitled to compensatory damages, expenses, court costs, punitive damages and attorney fees.

## COUNT V
## WRONGFUL DEATH
## KRS 411.130

40. That the Plaintiff restates each and every allegation previously set forth as if fully set forth herein.

41. Plaintiff, Tiffany Warmouth, was appointed Administratrix of the Estate of Luther Cornelius Creech. (Exhibit A).

42. It was the Defendants' duty to exercise ordinary care for the safety of Luther Creech to avoid foreseeable injuries.

43. Defendants knew or should have known that Luther Creech was at risk of injury.

44. Defendants' breached their duty of care to Luther Creech and said breach was a substantial factor in causing his death and injuries.

45. As a direct and proximate cause of Defendants' negligence Luther Creech died.

46. Because the Defendants' conduct was willful, wanton, malicious, or reckless, the Plaintiff is entitled to compensatory damages, expenses, court costs, punitive damages and attorney fees.

**WHEREFORE**, the Plaintiff, Tiffany Warmouth, Administratrix, estate of Luther Cornelius Creech, demands:

1. Judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court;

2. An award of attorney fees, costs and expenses;

3. For a trial by a jury; and

4. For any and all other relief to which the Plaintiff may appear properly entitled.

Respectfully submitted,

/s/William R. Noelker
WILLIAM R. NOELKER
432 West Main Street
Danville, Kentucky 40422
859-236-0374
bill@hwnlaw.com
ATTORNEY FOR PLAINTIFF